## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRIAN HUGHES, Individually, and on Behalf of All Others Similarly Situated, | ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SOUTHWEST AIRLINES, INC., a Foreign Corporation, | ) ) ) |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, BRIAN HUGHES, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs") by and through their attorneys, THE LAW OFFICE OF TERRENCE BUEHLER, KENT A. HEITZINGER & ASSOCIATES and THOMAS F. BURKE, P.C., and, complaining of the Defendant, SOUTHWEST AIRLINES, INC., (hereinafter referred to as "Southwest" or the "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1.    Plaintiffs bring this action for b r e a c h   o f   c o n t r a c t . The claim is brought as a Class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure ("Rule 23"(The "Class").

2.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d) (2) (diversity jurisdiction) and the Class Action Fairness Act, in that (i) there is minimal diversity (Plaintiff is a citizen of Indiana and Defendant is domiciled and incorporated in another state), (ii) the amount in controversy exceeds $5,000,000.00 (Five

Million Dollars) exclusive of interests and costs, and (iii) there are 100 or more members of the proposed Plaintiff class.

3.      Venue lies in this District pursuant to 28 U.S.C. §1391 because Plaintiff resides in this Judicial District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Judicial District. In addition, Southwest does business and/or transacts business in this Judicial District, and therefore, is subject to personal jurisdiction in this Judicial District and resides here for venue purposes.

## PARTIES

4.      Plaintiff Brian Hughes ("Hughes") is a citizen of the State of Illinois.

5.      Defendant Southwest is a foreign corporation headquartered in Dallas Texas. In its SEC filings, Southwest describes itself as follows:

> Southwest Airlines Co. (the "Company" or "Southwest") operates Southwest Airlines, a major passenger airline that provides scheduled air transportation in the United States and near-international markets. For the 45th consecutive year, the Company was profitable, earning $3.5 billion in net income.

6.      Plaintiff brings this action on behalf of himself and all other persons who paid for airline tickets for flights on February December 8, 2017, December 24 and 28, 2017, January 12, 2018, January 15, 2018 and February 11, 2018 and who had their tickets cancelled by Southwest for the reason that Southwest ran out of de-icer fluid, pursuant to Rule 23(b)(3).

## GENERAL ALLEGATIONS

7.      This action is brought as a class action to recover damages incurred by Plaintiffs as a result of Southwest's failure to keep a sufficient amount of de-icer on hand to de-ice all of Southwest's flights out of Midway airport on December 8, 24, 28, January

12 and 15 and February 11, 2018.

8.   The Plaintiff, Mr. Hughes, booked a round trip ticket on Southwest to Phoenix. He was scheduled to leave on flight 753 leaving February 8, 2018 from Midway at 8:35a. m. and arriving in Phoenix at 12:35 p.m. He was scheduled to return on Sunday, February 11, 2018, leaving Phoenix on flight 4188 at 2:10 p.m., arriving at Midway at 6:25 p. m.

9.   Mr. Hughes's flight to Phoenix went as planned and without incident.

10.   Shortly before he was scheduled to board his return flight to Chicago, Mr. Hughes received email notification from Southwest that his flight was cancelled. Southwest offered no explanation for the cancellation other than to blame the weather.

11.   The following day, the media reported that Southwest cancelled 250 flights out of and into Midway on February 11, 2018 because it ran out of de-icer and could not de-ice its plane's wings before takeoff.

12.   No other airline flying out of Midway that day ran out of de-icer.

13.   As a result of Southwest failing to have sufficient de-icer on hand to service its planes, it cancelled its flights.

14.   Because Southwest did not have adequate supplies of di-icer fluid on hand on December 8, 24 and 28, January 12 and 15, it cancelled many additional flights.

15.   As a result of his flight cancellation, Mr. Hughes incurred additional costs and expenses as well as inconvenience. The other members of the class who had their flights cancelled similarly incurred additional costs, expenses and inconvenience.

16.   Plaintiff will promptly request that the Court certify a class of all Southwest Airline customers who had booked and paid for flights on December 8, 24 and 28, January 12 and 15 and February 11, 2018 and whose flights were cancelled as a result of Southwest's failure to keep a sufficient supply on hand to de-ice its planes prior to flight pursuant to Rule 23(b)(3)

for the purpose of seeking damages he and the Class incurred.

## CLASS ACTION ALLEGATIONS

17.   Plaintiff seeks to bring this lawsuit on behalf of himself and on behalf of all other Southwest customers who booked and paid for flights on Southwest on December 8, 24 and 28, January 12 and 15 and February 11, 2018 and whose flights were cancelled as a result of Southwest not having enough de-icer on hand to de-ice all of its flights and will seek entry of an order certifying this cause as a class action pursuant to Rule 23(b)(3).

18.   Rule 23(b)(3) provides that a cause of action may be maintained as a class action if:

a.   The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.   There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

c.   The claims or defenses of the representative parties are typical of the claims or defenses of the class;

d.   The representative parties will fairly and adequately protect the interests of the class; and,

e.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definition

19.   Plaintiff seeks certification of the following Class:

"All Southwest customers who booked and paid for a Southwest flight on December 8, 24 and 28, 2017, January 12 and 15, 2018 and February 11, 2018 and whose flights were cancelled because Southwest ran out of de-icer fluid at Midway Airport.

### Numerosity

20.   The Class satisfies the numerosity standards. Southwest Airlines fleet of planes is made up of Boeing 737-700's with a seating

capacity of 137. On information and belief, Southwest cancelled about450 flights. If Southwest had 100 passengers per plane and each had 100 passengers, the class would number 45,000. The proposed class can be identified and located using Defendant's passenger records. Therefore, the Class is so numerous that the joinder of all members is impracticable. Illinois Class members may be informed of the pendency of this Class Action by direct mail based upon these available records and/or published and broadcast notice.

**Common Questions of Fact or Law**

21. There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a. Whether Southwest breached its carriage contract with its customers when it cancelled its flights for having insufficient amount of de-icer on hand to service its flights on December 8, 24 and 28, 2017, January 12 and 15, 2018 and February 11, 2108;

    b. Whether Southwest was negligent in failing to have sufficient supplies of de-icer available on those flight dates;

    c. Whether Plaintiff and the class have suffered damages and the proper measure of those damages.

22. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

**Typicality**

23. Plaintiff's claims are typical of the claims of the Class. Plaintiff suffered similar injuries as those suffered by other class members as a result of Defendant's failure to have sufficient supplies of de-icer on hand on the listed flight dates.

5

**Adequacy**

24.  The named Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the Class members will be fairly and adequately protected by the named Plaintiff and his undersigned counsel.  Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

**Superiority**

25.  A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

**COUNT I**
**BREACH OF CONTRACT**

26.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1-25 above.

27.    Upon purchasing his ticket for the flight from XXXX to Midway,

6

Southwest became contractually obligated to fly Plaintiff to Midway, subject to the terms of the Carriage Contract of Southwest.

28.     The Carriage Contract limits Southwest's liability for delayed and cancelled flights for a variety of reasons and in a variety of circumstances. None of those limitations apply here.

29.     Southwest breached its contract with the Plaintiff and all members of the Class when it cancelled flights on December 8, 24 and 28, 2017, January 12 and 15, 2018 and February 11, 2018 because it did not have sufficient amount of de-icer on hand to service all of its planes.

30.     As a result of Southwest's breach of its contract with Plaintiff and the Class, Plaintiff and the Class have been damaged.

## COUNT II MEGLIGENCE

31.     Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

34.     Southwest had a duty to keep adequate amounts of de-icer to service its planes.

35.     Southwest breached that duty when it ran out of de-icer on February and as a result had to cancel 250 flights.

36.     As a result of Southwest's negligence in failing to keep enough de-icer to service its planes, Plaintiff and the Class were injured when Southwest cancelled their flights and they suffered damages as a result.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff BRIAN HUGHES respectfully requests that this Court grant the following relief:

A. Certify this as a class action on behalf of all Southwest customers who booked and paid for tickets on flights on December 8, 24 and 28 2017, January 12 and 15, 2018 and February 11, 2018 and whose flights were cancelled for the reason that Southwest did not have enough de-icer on hand to service its planes and appoint Plaintiff's counsel as Class counsel;

B. Award damages in an amount according to proof;

C. All costs and attorney's fees incurred prosecuting this claim;

D. For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Dated: A u g u s t  3 ,  2 0 1 8        Respectfully Submitted,

BRIAN HUGHES

By:      /s/Terrence Buehler
ONE OF THE ATTORNEYS FOR PLAINTIFF

Terrence Buehler
The Law Office of Terrence Buehler
20 North Clark Street, Suite 800
Chicago, Illinois
Phone: (312) 371-4385

Kent A. Heitzinger
Kent A. Heitzinger & Associates
1056 Gage St., Ste. 200
Winnetka, IL 60093
(847) 446-2430

Thomas F. Burke
Thomas F. Burke,P.C.
53 W. Jackson Blvd, Suite 1441
Chicago, IL 60604
312/362-1300
tburke104@att.net