## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN HUGHES, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:18-cv-05315 |
| SOUTHWEST AIRLINES, INC., a Foreign Corporation, | ) ) ) | Hon. Judge Sara L. Ellis |
| Defendant. | ) ) ) | |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, BRIAN HUGHES, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs") by and through their attorneys, THE LAW OFFICE OF TERRENCE BUEHLER, KENT A. HEITZINGER & ASSOCIATES and THOMAS F. BURKE, P.C., and, complaining of the Defendant, SOUTHWEST AIRLINES, INC., (hereinafter referred to as "Southwest" or the "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

**1.** Plaintiffs bring this action for b r e a c h  o f  c o n t r a c t . The claim is brought as a Class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure ("Rule 23"(The "Class").

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d) (2) (diversity jurisdiction) and the Class Action Fairness Act, in that (i) there is minimal diversity (Plaintiff is a citizen of Indiana and Defendant is domiciled and incorporated in another state), (ii) the amount in controversy exceeds $5,000,000.00 (Five

Million Dollars) exclusive of interests and costs, and (iii) there are 100 or more members of

the proposed Plaintiff class.

3.     Venue lies in this District pursuant to 28 U.S.C. §1391 because Plaintiff

resides in this Judicial District, and a substantial part of the events or omissions giving rise to

Plaintiff's claims occurred in this Judicial District. In addition, Southwest does business

and/or transacts business in this Judicial District, and therefore, is subject to personal

jurisdiction in this Judicial District and resides here for venue purposes.

## PARTIES

4.     Plaintiff Brian Hughes ("Hughes") is a citizen of the State of Illinois.

5.     Defendant Southwest is a foreign corporation headquartered in Dallas

Texas. In its SEC filings, Southwest describes itself as follows:

> Southwest Airlines Co. (the "Company" or "Southwest") operates Southwest Airlines, a major passenger airline that provides scheduled air transportation in the United States and near-international markets. For the 45th consecutive year, the Company was profitable, earning $3.5 billion in net income.

6.     Plaintiff brings this action on behalf of himself and all other persons

who paid for airline tickets for flights on February December 8,

2017, December 24 and 28, 2017, January 12, 2018, January 15,

2018 and February 11, 2018 and who had their tickets cancelled by

Southwest for the reason that Southwest ran out of de-icer fluid,

pursuant to Rule 23(b)(3).

## GENERAL ALLEGATIONS

7.     This action is brought as a class action to recover damages incurred by

Plaintiffs as a result of Southwest's failure to keep a sufficient amount of de-icer on hand

to de-ice all of Southwest's flights out of Midway airport on December 8, 24, 28, January

2

12 and 15 and February 11, 2018.

8.   The Plaintiff, Mr. Hughes, booked a round trip ticket on Southwest to Phoenix. He was scheduled to leave on flight 753 leaving February 8, 2018 from Midway at 8:35 a. m. and arriving in Phoenix at 12:35 p.m. He was scheduled to return on Sunday, February 11, 2018, leaving Phoenix on flight 4188 at 2:10 p.m., arriving at Midway at 6:25 p. m.

9.   Mr. Hughes's flight to Phoenix went as planned and without incident.

10.   While on his way to the Phoenix airport for his return flight to Chicago, he was contacted by Southwest, who informed him that his flight was being delayed. When he arrived at the airport, he was told by Southwest that all flights for the day were cancelled. Later that day, Southwest informed him that it would be three to four days before he could obtain a direct flight from Phoenix to Chicago. After spending approximately twelve hours at the airport, Southwest offered him a flight to Omaha, Nebraska. He arrived in Omaha between 10pm and 11pm. He stayed overnight in Omaha before flying the next day to Chicago.

11.   The following day, the media reported that Southwest cancelled 250 flights out of and into Midway on February 11, 2018 because it ran out of de-icer and could not de-ice its plane's wings before takeoff in Chicago.

12.   No other airline flying out of Midway that day ran out of de-icer or cancelled flights.

13.   As a result of Southwest failing to have sufficient de-icer on hand to service its planes, it cancelled its flights.

14.   Because Southwest did not have adequate supplies of di-icer fluid on hand on December 8, 24 and 28, January 12 and 15, it cancelled many additional flights.

15.   As a result of his flight cancellation, Mr. Hughes incurred a hotel bill, additional

3

meal costs and parking fees as well as inconvenience. Southwest declined to reimburse Mr. Hughes because it stated that it was not responsible for weather related cancellations. The other members of the class who had their flights cancelled similarly incurred additional costs, expenses and inconvenience. Southwest offered no explanation for the cancellation other than to blame the weather.

16. Plaintiff will promptly request that the Court certify a class of all Southwest Airline customers who had booked and paid for flights on December 8, 24 and 28, January 12 and 15 and February 11, 2018 and whose flights were cancelled as a result of Southwest's failure to keep a sufficient supply on hand to de-ice its planes prior to flight pursuant to Rule 23(b)(3) for the purpose of seeking damages he and the Class incurred.

## CLASS ACTION ALLEGATIONS

17. Plaintiff seeks to bring this lawsuit on behalf of himself and on behalf of all other Southwest customers who booked and paid for flights on Southwest on December 8, 24 and 28, January 12 and 15 and February 11, 2018 and whose flights were cancelled as a result of Southwest not having enough de-icer on hand to de-ice all of its flights and will seek entry of an order certifying this cause as a class action pursuant to Rule 23(b)(3).

18. Rule 23(b)(3) provides that a cause of action may be maintained as a class action if:

a. The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b. There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

c. The claims or defenses of the representative parties are typical of the claims or defenses of the class;

d. The representative parties will fairly and adequately protect the interests of the class; and,

4

e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Class Definition

18. Plaintiff seeks certification of the following Class:

"All Southwest customers who booked and paid for a Southwest flight on December 8, 24 and 28,2017, January 12 and 15,2018and February 11, 2018 and whose flights were cancelled because Southwest ran out of de-icer fluid at Midway Airport.

## Numerosity

19. The Class satisfies the numerosity standards. Southwest Airlines fleet of planes is made up of Boeing 737-700's with a seating capacity of 137. On information and belief, Southwest cancelled about 450 flights. If Southwest had 100 passengers per plane and each had 100 passengers, the class would number 45,000. The proposed class can be identified and located using Defendant's passenger records. Therefore, the Class is so numerous that the joinder of all members is impracticable. Illinois Class members may be informed of the pendency of this Class Action by direct mail based upon these available records and/or published and broadcast notice.

## Common Questions of Fact or Law

20. There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

a. Whether Southwest breached its carriage contract with its customers when it cancelled its flights for having insufficient amount of de-icer on hand to service its flights on December 8, 24 and 28, 2017, January 12 and 15, 2018 and February 11, 2108;

b. Whether Southwest was negligent in failing to have sufficient supplies of de-icer available on those flight dates;

5

      c.   Whether Plaintiff and the class have suffered damages and the proper measure of those damages.

21. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

22. Plaintiff's claims are typical of the claims of the Class. Plaintiff suffered similar injuries as those suffered by other class members as a result of Defendant's failure to have sufficient supplies of de-icer on hand on the listed flight dates.

## Adequacy

23. The named Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the Class members will be fairly and adequately protected by the named Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

## Superiority

24. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the

6

expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I
## BREACH OF CONTRACT

25.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-25 above.

26.     Plaintiff purchased his Ticket from Southwest some time prior to his departure from Midway on February 8, 2018. He flew from Chicago Midway to Phoenix without incident. By purchasing a Ticket from Southwest Airlines, Plaintiff became subject to the terms and conditions of Southwest's Contract of Carriage (the "Contract). (A "Ticket" is a defined term in the Contract.

27.      On February 11, 2018, Plaintiff was scheduled to return to Chicago via Southwest flight 4188, which was scheduled to leave Phoenix at 2:10 p.m. He arrived at the airport with his Ticket, which is an electronic six digit alpha numeric confirmation issued by the Carrier (Southwest) that provides for carriage of the Plaintiff as a Passenger of Southwest.

28.     Per Section 4 of Southwest's Contract, Plaintiff's Ticket entitles him to transportation to his intended destination, subject to the additional terms of his Contract with Southwest.

29.     When Southwest cancelled the flight, it did so pursuant to Section 9 of its Contract with Plaintiff. Section 9, dealing with Service Interruptions, covers those situations when Southwest cancels a flight. When Southwest cancels a flight, its Passengers' recourse is

limited to either Southwest putting them on the next available flight or refunding the unused portion of the fare, so long as Southwest cancels the flight for one of the enumerated grounds set forth in Section 9. These grounds for limiting Southwest's liability are as follows:

> Limitation of Liability. Except to the extent provided in Section 9a, Carrier shall not be liable for any failure or delay in operating any flight, with or without notice for reasons of aviationsafety or when advisable, in its sole discretion, due to Force Majeure Events, including, without limitation, acts of God, meteorological events, such as storms, rain, wind, fire, fog, flooding, earthquakes, haze, or volcanic eruption. It also includes, without limitation, government action, disturbances or potentially volatile international conditions, civil commotions, riots, embargoes, wars, or hostilities, whether actual, threatened, or reported, strikes, work stoppage, slowdown, lockout or any other labor related dispute involving or affecting Carrier's service, mechanical difficulties by entities other than Carrier, Air Traffic Control, the inability to obtain fuel, airport gates, labor, or landing facilities for the flight in question or any fact not reasonably foreseen, anticipated or predicted by Carrier.

30.      The events that shield Southwest from liability are, generally speaking, events over which it has no control, e.g., bad weather, equipment failure and so forth. In Plaintiff's case, Southwest's failure to order enough de-icer fluid does not fit within any of the enumerated grounds for limiting Southwest's liability. Southwest's inability to fly its plane from Phoenix to Midway was solely due to Southwest's failure to have enough de-icer fluid on hand.

31. Southwest therefore breached its Contract with the Plaintiff and all members of the Class when it cancelled flights on December 8, 24 and 28, 2017, January 12 and 15, 2018 and February 11, 2018 because it did not have sufficient amount of de-icer on hand to service all of its planes. And because the reason given does not fall within the scope of its Limitation of Liability section of the Contract, Southwest's liability is not limited by Section 9 of its Contract.

32.      As a result of Southwest's breach of its Contract with Plaintiff and the Class, Plaintiff and the Class have been damaged.

**PRAYER FOR RELIEF**

8

**WHEREFORE,** Plaintiff BRIAN HUGHES respectfully requests that this

Court grant the following relief:

A. Certify this as a class action on behalf of all Southwest customers who booked and paid for tickets on flights on December 8, 24 and 28 2017, January 12 and 15, 2018 and February 11, 2018 and whose flights were cancelled for the reason that Southwest did not have enough de-icer on hand to service its planes and appoint Plaintiff's counsel as Class counsel;

B. Award damages in an amount according to proof;

C. All costs and attorney's fees incurred prosecuting this claim;

D. For such further relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable.

Dated: April 25, 2019          Respectfully Submitted,

BRIAN HUGHES

By:     /s/Terrence Buehler
ONE OF THE ATTORNEYS FOR PLAINTIFF

Terrence Buehler
The Law Office of Terrence Buehler
20 North Clark Street, Suite 800
Chicago, Illinois
Phone: (312) 371-4385

Kent A. Heitzinger
Kent A. Heitzinger & Associates
1056 Gage St., Ste. 200
Winnetka, IL 60093
(847) 446-2430

Thomas F. Burke
Thomas F. Burke, P.C.
53 W. Jackson Blvd, Suite 1441
Chicago, IL 60604

312/362-1300
tburke104@att.net

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2019, I electronically filed the foregoing with the

Clerk of the Court for the United States District Court for the Northern District of Illinois by

using the CM/ECF system.


/s/ Terrence Buehler

1